UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXA D. SMITH,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

Case No. C18-0144 RSL

**ORDER REVERSING AND REMANDING DEFENDANT'S DENIAL OF BENEFITS**

Plaintiff Alexa Smith appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

        I.       FACTS AND PROCEDURAL HISTORY

Plaintiff is a 49-year-old woman with a 12th grade education. <u>See</u> Administrative

Record ("AR") at 254, 288. Plaintiff protectively filed an application for SSI in March 2013, alleging that her disability began on May 1, 2010. See id. at 254-59. Plaintiff later amended her disability onset date to March 4, 2013. See id. at 13. Her claims were denied initially and upon reconsideration. Id. at 89-107.

Plaintiff requested a hearing before an ALJ, which took place on September 9, 2014. See id. at 54-87. On September 25, 2014, ALJ Ruperta Alexis issued a decision finding that Plaintiff was not disabled. Id. at 111-18.

On April 20, 2016, the Appeals Council vacated ALJ Alexis's decision and remanded for further administrative proceedings. Id. at 123-26. The Appeals Council directed the ALJ to evaluate new medical opinions from Susan Hakeman, M.D., and Muriel Handschy, ARNP; obtain additional evidence, including a consultative examination, as necessary to determine Plaintiff's limitations; obtain evidence from a medical expert regarding the severity of Plaintiff's impairments as necessary; reassess Plaintiff's residual functional capacity ("RFC"); and take additional testimony from a vocational expert as necessary. Id. at 125-26.

ALJ M.J. Adams held a second hearing on December 20, 2016. Id. at 30-53. On June 9, 2017, ALJ Adams issued a decision again finding that Plaintiff was not disabled. Id. at 13-24. He did not obtain a consultative examination or evidence from a medical expert regarding the severity of Plaintiff's impairments. See id.

II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

As the claimant, Plaintiff bears the burden of proving that she is disabled within the meaning of the Act. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C.

§ 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. Id. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). If the claimant does not have such impairments, she is not disabled. Id. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's RFC. 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical

---

[1] Substantial gainful activity is work activity that is both substantial, meaning it involves significant physical and/or mental activities; and gainful, meaning it is performed for profit. 20 C.F.R. § 416.972.

ORDER REVERSING AND REMANDING
DEFENDANT'S DENIAL OF BENEFITS - 4

and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099-1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. DECISION BELOW

On June 9, 2017, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since March 4, 2013, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: diabetes; depressive disorder; anxiety disorder (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c). The claimant can understand, remember, and carry out simple instructions. She can make judgments commensurate with the functions of unskilled work. She can respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork is required. She can deal with occasional changes in the work environment. She has some difficulty working directly with the public, but could work in jobs that require only occasional exposure to or interaction with the general public.

5. The claimant does not have any past relevant work (20 C.F.R.

1  § 416.965).

2. 6. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).

7. The claimant has not been under a disability, as defined in the Act, since March 4, 2013, the application date (20 C.F.R. § 416.920(g)).

AR at 13-24.

V. ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ properly evaluated the medical evidence, including the opinions of Elizabeth Gabay, M.D.; Muriel Handschy, ARNP[2]; and Laura Rishel, ARNP.

B. Whether the ALJ properly assessed Plaintiff's symptom testimony.

C. Whether the ALJ properly assessed all of Plaintiff's impairments at step two of the disability evaluation process.

D. Whether the ALJ accurately formulated Plaintiff's RFC and, accordingly, whether the ALJ's findings at steps four and five of the disability evaluation process were supported by substantial evidence.

Dkt. 10 at 1.

///

---

[2] The record at one point identifies Ms. Handschy as a medical doctor. See AR at 519. It appears this is a typo, as Ms. Handschy identifies herself as an ARNP when signing her physical functional evaluation. See id. at 514.

## VI. DISCUSSION

**A.     Evaluation of the Medical Evidence**

Plaintiff argues that the ALJ erred in assessing the medical evidence.  Dkt. 10 at 10-16.  In particular, Plaintiff argues that the ALJ erred in rejecting the opinions of Elizabeth Gabay, M.D., Muriel Handschy, ARNP; and Laura Rishel, ARNP.  Id.  The Court agrees.

   1.     Dr. Gabay

Dr. Gabay was one of Plaintiff's treating providers.  See AR at 363-385.  Dr. Gabay completed a physical functional evaluation in January 2013, at which time she reported that Plaintiff suffered from right hip pain, which severely limited her abilities to sit, stand, walk, lift, carry, push, pull, stoop, and crouch.  See id. at 359.  While Dr. Gabay provided little detail in the physical functional evaluation form, her treatment records further described her opinions on Plaintiff's limitations.  See, e.g., id. at 363, 380, 404, 477, 500.

ALJ Adams gave Dr. Gabay's opinions little weight, relying entirely on the reasoning ALJ Alexis gave in her earlier decision.  See id. at 19, 117.  ALJ Alexis stated only that Dr. Gabay "provided no functional limitations or assessment" of Plaintiff, and that her opinion was inconsistent with her treatment notes, which indicated that Plaintiff's diabetes was well-controlled and she had no musculoskeletal abnormalities.  Id. at 117.

In order to reject a treating doctor's opinion that is contradicted, the ALJ must provide "'specific, legitimate reasons for doing so that are based on substantial evidence

in the record.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (quoting Andrews, 53 F.3d at 1041). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citing Magallanes, 881 F.2d at 751). The Court may also draw "specific and legitimate inferences from the ALJ's opinion." Magallanes, 881 F.2d at 755.

The ALJ's reasons for rejecting Dr. Gabay's opinions here do not meet the specific and legitimate standard. First, while Dr. Gabay's opinions were not detailed, she did provide a functional assessment. She opined that Plaintiff was unable to perform basic work activities involving sitting, standing, walking, lifting, carrying, pushing, pulling, stooping, and crouching. AR at 359. The ALJ could not dismiss Dr. Gabay's opinions here without a more specific discussion of those opinions. See Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007).

Second, along the same lines, the ALJ erred in rejecting Dr. Gabay's opinions based on some inconsistency with her treatment notes. General statements like this "do[] not achieve the level of specificity our prior cases have required." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). Moreover, Dr. Gabay's records do demonstrate musculoskeletal abnormalities. See, e.g., AR at 380, 500, 632. The ALJ therefore failed to give specific and legitimate reasons for rejecting Dr. Gabay's opinions and erred.

///

2. Nurse Handschy

Ms. Handschy was another of Plaintiff's treating providers. See id. at 433-54, 512-17. Like Dr. Gabay, Ms. Handschy submitted a physical functional evaluation of Plaintiff. Id. at 512-17. In it, she noted that Plaintiff suffered from "ongoing chronic illness including joint pain[,] arthritis, bursitis, [and] back pain." Id. at 512. Ms. Handschy opined that Plaintiff had moderate limitations in her ability to perform basic work activities involving sitting, standing, walking, lifting, carrying, handling, pushing, pulling, stooping, and crouching due to bilateral hip pain and low back pain. Id. at 513. She further opined that Plaintiff was unable to perform basic work activities involving communicating due to her depression. Id.

The ALJ rejected Ms. Handschy's opinions because she "completed a check-box form which says little about the most the claimant can still do," and did not adequately explain her reasoning regarding Plaintiff's mental limitations. AR at 21.

For claims filed prior to March 27, 2017, nurse practitioners were not considered acceptable medical sources under Social Security regulations. See 20 C.F.R. § 416.902(a)(7); Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2017) ("Nurse practitioners are considered other sources.") (internal quotation marks and citations omitted). The ALJ accordingly only needed to give reasons that were germane to the witness in order to discount her testimony. Dale, 823 F.3d at 943 (citing Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012)).

The ALJ's reasoning fails to meet this lesser standard with respect to Ms.

Handschy's opinions on Plaintiff's physical limitations. Ms. Handschy did more than just complete a check-box form; she described Plaintiff's treatment history, symptoms, and general limitations. See AR at 512-13. The record is also full of treatment notes from Ms. Handschy, which the ALJ did not address in his discussion of Ms. Handschy's opinions. See, e.g., AR at 433-54. The ALJ thus erred in rejecting Ms. Handschy's opinions on Plaintiff's physical limitations. See Popa v. Berryhill, 872 F.3d 901, 907 (9th Cir. 2017); Garrison v. Colvin, 759 F.3d 995, 1014 n.17 (9th Cir. 2014).

The ALJ's rejection of Ms. Handschy's statements regarding Plaintiff's mental limitations is somewhat more convincing. Ms. Handschy opined that Plaintiff's depression left her unable to perform basic work activities involving communication, but did not explain how she reached such a significant conclusion. See AR at 513. The ALJ rejected this opinion because Ms. Handschy had not provided citations to persuasive evidence in the record to support it. Id. at 21. An ALJ need not accept an opinion if it "is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957. Although the ALJ should have affirmatively presented evidence supporting his position, his conclusion here was reasonable based on the overall record.

In sum, the ALJ erred in his rejection of Ms. Handschy's opinions on Plaintiff's physical limitations, but did not err in his rejection of Ms. Handschy's opinions on Plaintiff's mental impairments.

3. Nurse Rishel

Ms. Rishel was also one of Plaintiff's treating providers. See AR at 526-635. She

did not submit a functional evaluation, so her opinions must be gleaned from her treatment records. The ALJ (and the parties) focused primarily on Ms. Rishel's notes from an office visit on April 26, 2016. See id. at 21, 536-38; Dkt. 10 at 15-16; Dkt. at 7-8. In that note, Ms. Rishel reported that Plaintiff had "mild to moderate arthritis in her neck," and "chronic severe depression which is clearly permanent, having started at [five] years old, and which is affecting her ability to sustain gainful employment." AR at 537.

The ALJ rejected Ms. Rishel's reports because she relied more on Plaintiff's subjective complaints than the objective medical evidence, and her reports were conclusory and not supported by the medical or other evidence. See id. at 21. As with Ms. Handschy, the ALJ was only required to provide germane reasons to reject Ms. Rishel's opinions. See Dale, 823 F.3d at 943.

The ALJ's first reason here fails. An ALJ may justifiably discount a treatment provider's opinions if they "are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)). But, as discussed below, the ALJ erred in finding Plaintiff's subjective symptom testimony not credible. See infra Part VI.B. The ALJ therefore could not justifiably reject Ms. Rishel's opinions for being too heavily based on Plaintiff's self-reports, and erred in doing so. See Tommasetti, 533 F.3d at 1041.

The ALJ's second reason for discounting Ms. Rishel's opinions is partially valid. Like Ms. Handschy, Ms. Rishel's opinion regarding Plaintiff's mental impairments—that

Plaintiff has chronic severe depression that prevents her from working—is conclusory and inadequately supported by the medical evidence. See Thomas, 278 F.3d at 957. But Ms. Rishel's opinions regarding Plaintiff's physical impairments cannot be dismissed so easily. The medical evidence supports the claim that Plaintiff has issues with her neck, and the ALJ failed to adequately discuss that condition. See AR at 632.

Thus, like his treatment of Ms. Handschy, the ALJ erred in rejecting Ms. Rishel's opinions regarding Plaintiff's physical impairments, but did not err in discounting Ms. Rishel's opinions on Plaintiff's mental impairments.

**B.        Evaluation of Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ erred in rejecting her subjective symptom testimony. See Dkt. 10 at 16-17. The Court agrees because of the ALJ's treatment of Plaintiff's testimony regarding her physical impairments.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Garrison, 759 F.3d at 1014-15). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptom; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptom alleged. Id. The ALJ found that Plaintiff met this first step because her medically determinable

ORDER REVERSING AND REMANDING
DEFENDANT'S DENIAL OF BENEFITS - 12

impairments could reasonably be expected to cause his alleged symptoms. AR at 18.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" Trevizo, 871 F.3d at 678 (quoting Garrison, 759 F.3d at 1014-15).

The ALJ, finding no evidence of malingering, held that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR at 18. ALJ Adams incorporated by reference ALJ Alexis's reasons for discounting Plaintiff's symptom testimony, and added two additional points. See id. at 18-19. Those reasons were: (1) Plaintiff's claims were inconsistent with the medical evidence; (2) Plaintiff's "complaints were out of proportion to her [medical] findings"; and (3) Plaintiff's claimed limitations were contradicted by her daily activities. See id. at 18-19, 115-17.

1. Inconsistency with Medical Evidence

The ALJ's first reason for discounting Plaintiff's testimony fails because he did not adequately address the medical evidence regarding Plaintiff's physical impairments. In analyzing the medical evidence, the ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." Attmore v. Colvin, 827 F.3d 872, 877 (9th Cir. 2016). The ALJ's comments regarding Plaintiff's physical limitations consisted of a

discussion of her diabetes, and a note that she "had a normal gait with some generalized tenderness in her thighs and calves" at a May 2014 appointment. See AR at 18, 115-16. While his description of the medical evidence regarding diabetes was reasonable, the ALJ erred in relying on such a narrow discussion of Plaintiff's overall physical impairments.

The Court briefly notes that the ALJ provided a more involved discussion of Plaintiff's testimony regarding her mental impairments. However, because he so completely failed to discuss the medical evidence regarding Plaintiff's physical impairments, he must reassess all of Plaintiff's testimony on remand. Cf. 20 C.F.R. § 416.929(c); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (explaining how evaluation of a claimant's statements relies in part on assessment of the medical evidence).

2. Complaints Disproportionate to Medical Findings

The ALJ's next justification for discounting Plaintiff's testimony fails for the same reason. While an ALJ may reasonably reject a claimant's symptom testimony when "the level or frequency of treatment [is] inconsistent with the level of complaints," Molina, 674 F.3d at 1113 (internal citation and quotation marks omitted), his discussion of the evidence regarding Plaintiff's physical impairments was simply too limited. See Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)). The ALJ pointed to two records in support of this reason, which addressed only Plaintiff's fingers and shoulders. See AR at 116. This was

insufficient, and thus the ALJ erred.[3]

### 3. Inconsistency with Daily Activities

The ALJ's final reason for discounting Plaintiff's symptom testimony is his most persuasive. An ALJ may use a claimant's activities to form the basis of an adverse credibility determination if they "contradict [her] other testimony." See Orn, 495 F.3d at 639. The ALJ noted that Plaintiff "was healthy enough to exercise [seven] days a week by doing stretching[,] yoga, walking and dance." AR at 19, 574-75. Elsewhere, Plaintiff reported riding her bike and hiking. Id. at 19, 556. Plaintiff also reported volunteering at a local arthouse theater, and doing an "Art Walk." Id. at 19, 690. These all contradicted Plaintiff's testimony regarding the severity of her physical and mental impairments.

This third reason, standing alone, is insufficient to support the ALJ's rejection of Plaintiff's symptom testimony. The Court is unable to confidently conclude that the ALJ would have reached the same result had he correctly analyzed the medical evidence and his first two reasons. The ALJ thus harmfully erred in rejecting Plaintiff's symptom testimony. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884-85 (9th Cir. 2006).

**C.    Evaluation of Plaintiff's Impairments at Step Two**

Plaintiff argues that the ALJ erred at step two of the disability evaluation process by failing to find her physical impairments to be severe. See id. at 3. The Court agrees.

---

[3] Here again the ALJ provided a more detailed discussion of his reasoning with respect to Plaintiff's mental impairments. See AR at 18-19, 116. The Court will nonetheless require the ALJ to reassess Plaintiff's testimony regarding her mental impairments in light of the ALJ's numerous other errors.

ORDER REVERSING AND REMANDING
DEFENDANT'S DENIAL OF BENEFITS - 15

The step two analysis is a gatekeeping device used to screen out weak claims. See Buck v. Berryhill, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 416.920(c). "An impairment is severe if it has more than a minimal effect on an individual's ability to work, even considering the individual's age, education, or work experience." Morsea v. Berryhill, 725 F. App'x 463, 466 (9th Cir. 2018) (citing SSR 85-28, 1985 WL 56856 (1985)).

As discussed above, the ALJ made little effort to address Plaintiff's alleged physical impairments. See supra Part VI.A-B. The ALJ thus erred. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005).

Ordinarily, errors at step two are harmless where the ALJ otherwise finds that the claimant suffers from a severe impairment. See Buck, 869 F.3d at 1048-49 (citing Molina, 674 F.3d at 1115). But the error may be harmful where the ALJ fails to consider the limitations from a claimant's non-severe impairment when crafting the claimant's RFC. See SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) ("In assessing RFC, the [ALJ] must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). That is what happened here. After determining that Plaintiff's physical impairments were non-severe (based on an erroneous analysis of the evidence, as discussed above), the ALJ failed to provide any meaningful discussion of whether and how those impairments impacted the RFC. See AR at 16-22. The ALJ thus harmfully erred at step two.

ORDER REVERSING AND REMANDING
DEFENDANT'S DENIAL OF BENEFITS - 16

### D. Assessment of Plaintiff's RFC

Plaintiff last argues that the ALJ erred in his RFC determination, and consequently erred at steps four and five. Dkt. 10 at 16-18. This argument is largely derivative of Plaintiff's other arguments, as it is based on the contention that the ALJ failed to properly address the evidence regarding Plaintiff's physical impairments. See id. Because the Court has found that the ALJ erred in his assessment of the medical evidence, the Court agrees with Plaintiff. See Robbins, 466 F.3d at 885 (holding that the ALJ's RFC determination was not supported by substantial evidence where he failed to properly account for all of the evidence).

### D. Scope of Remand

Plaintiff asks the Court to remand this matter for a new hearing. Dkt. 10 at 1. The Court agrees that remand for further administrative proceedings is the appropriate remedy here. See Leon v. Berryhill, 880 F.3d 1041, 1046-48 (9th Cir. 2017).

On remand, the ALJ must reevaluate the opinions of Dr. Gabay, Ms. Handschy, and Ms. Rishel; reevaluate Plaintiff's symptom testimony; reconsider Plaintiff's impairments at step two of the disability evaluation process; reassess Plaintiff's RFC, as well as the findings at steps four and five; and conduct further administrative proceedings as necessary to reevaluate the disability determination in light of this opinion.

## VII. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of

42 U.S.C. § 405(g).

Dated this 9th day of October, 2018.

/s/ Robert S. Lasnik
ROBERT S. LASNIK
United States District Judge